UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 24-00452-CJC (SKx)                                  Date: April 23, 2024

Title: THERESA BROOKE v. KNOTTS BERRY FARM LLC ET AL

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM**

In this case, Plaintiff alleges that Defendant and unnamed Does violated the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act. (Dkt. 10 [First Amended Complaint].) Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act. Plaintiff contends that this Court has federal question jurisdiction over the ADA claim and supplemental jurisdiction over the state law claim.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Numerous federal district courts across California have declined to exercise supplemental jurisdiction over state law claims brought alongside ADA claims, citing 28 U.S.C. §§ 1367(c)(2) & (c)(4). *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030–31 (S.D. Cal. 2017) (declining to exercise supplemental jurisdiction because (1) "Plaintiff's state law claim under the Unruh Act substantially predominates over his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 24-00452-CJC (SKx)            Date: April 23, 2024
                                                                                                        Page 2

federal claim" and, (2) because "it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements"). And the Ninth Circuit has found "exceptional circumstances" within the meaning of 28 U.S.C. § 1367(c)(4) when a plaintiff would be allowed to circumvent and render ineffectual California's "procedural requirements aimed at limiting suits by high-frequency litigants" by filing Unruh Act and other state law claims in federal court and invoking the court's supplemental jurisdiction. *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). The Court therefore **ORDERS** Plaintiff to show cause as to why it should not decline to exercise supplemental jurisdiction over the state law claim based on the Ninth Circuit's reasoning in *Arroyo*.

      Plaintiff shall file a response to this Order to Show Cause by **May 6, 2024**. In the response, Plaintiff shall identify the amount of statutory damages being sought. Plaintiff and counsel shall also include declarations in the response which provide all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2). Failure to respond to this Order may result in the Court declining to exercise supplemental jurisdiction over Plaintiff's state law claim.

rdf

MINUTES FORM 11
CIVIL-GEN                                                                                                       Initials of Deputy Clerk RRP